UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH JONES and LORI JAMES-JONES | * | CIVIL ACTION |
| versus | * | NO. 06-9151 |
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY, BOB NOWLIN, and ABC INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

The plaintiffs secured homeowners' and flood insurance through a State Farm agent, Bob Nowlin. He sold the plaintiffs a Write-Your-Own (WYO) policy for flood insurance, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA, in the amount of $117,000. The homeowners' policy, underwritten by State Farm, was written in amount of approximately $163,000. The plaintiffs' home in New Orleans was damaged by Hurricane Katrina. They filed claims under their homeowners' and flood insurance policy. State Farm paid $14,742.92 under the homeowners' policy and $114,500 under the flood insurance policy.

The plaintiffs sued State Farm and its agent, Nowlin, requesting full payment under the policies for damages to their home. Seven of the eight causes of action were directed toward

1

State Farm, accusing it of breach of contract, bad faith, and negligence in settling their claim. They allege that Nowlin acted as their fiduciary and breached his duty to them when he did not advise them of their necessity to purchase greater coverage under the flood insurance policy.

State Farm removed the case to this Court on October 27, 2006, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP. Alternatively, State Farm argued that this Court has diversity jurisdiction, as the agent had been fraudulently joined. State Farm also argued that this Court had original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1).

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec.

Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006). The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved. See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).

This case is no different. Congress has granted jurisdiction to federal courts to resolve questions arising from the NFIP. The only occasion where courts have remanded NFIP cases has been where the issue has been the procurement of insurance by the agent. But the record does not indicate that the plaintiffs here asked for a certain level of coverage and then relied on the representations of the agent in procuring that coverage. In fact, this Court finds that no claim can be stated against Nowlin. The record indicates that he procured the insurance requested and the plaintiffs claim only that he failed to "advise [them] as to the necessity and/or availability of a greater amount of dwelling and contents coverage under the flood insurance policy." Other Sections of this Court have found that Louisiana law imposes no duty on agents to identify spontaneously a client's needs and

3

advise him as to whether he is underinsured or carries the right type of coverage.  Dobson v. Allstate Ins. Co., 2006 WL 2078423, at *10 (E.D. La. July 21, 2006)(Vance, J.); Parker v. Lexington Ins. Co., 2006 WL 3328041 (E.D. La. Nov. 15, 2006)(Zainey, J.); Sullivan v. State Farm Fire and Cas. Ins. Co., No. 06-0004, Rec. Doc. Nos. 42, 44 (E.D. La. Apr. 6, 2006)(Duval, J.); Whitehead v. State Farm Ins. Co., No. 06-8115, Rec. Doc. 9 (E.D. La. Dec. 15, 2006)(Berrigan, C.J.).  Like the plaintiffs in Sullivan, the Jones "were in a far better position than [their agent] to know that their property was worth more than the coverage limits that they selected."

The plaintiffs here, as in the cases cited above, did not allege that they requested a specific type or amount coverage which the agent then failed to provide, but rather that the agent failed to assess independently and unilaterally the plaintiffs' insurance needs and recommend higher coverage.  As held by other Sections of this Court, no such duty on the part of an agent exists under Louisiana law.  This Court agrees.

Because the plaintiffs can state no cause of action against Nowlin, the Court finds that Nowlin has been improperly joined as a defendant.  Therefore, this Court exercises its diversity jurisidiction, as the remaining parties in the case are diverse and the amount in controversy is over the jurisdictional requisite.  The Court finds it unneccessary to address the

defendant's other bases for jurisdiction.

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, January 2, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE