UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KENNETH JONES and LORI JAMES-JONES        *       CIVIL ACTION

versus                                    *       NO. 06-9151

STATE FARM FIRE & CASUALTY INSURANCE      *       SECTION "F"
COMPANY, BOB NOWLIN, and ABC INSURANCE
COMPANY

ORDER AND REASONS

Before the Court is Bob Nowlin's motion for judgment on the pleadings.  For the reasons that follow, the motion is GRANTED.

The Court refers the parties to the background of this case as stated in this Court's Order of January 2, 2007.  There, the Court denied the plaintiffs' motion to remand, stating:

> The plaintiffs [] did not allege that they requested a specific type or amount of coverage which the agent[, Nowlin] then failed to provide, but rather that the agent failed to assess independently and unilaterally the plaintiffs' insurance needs and recommend higher coverage.  As held by other Sections of this Court, no such duty on the part of an agent exists under Louisiana law.  This Court agrees.
> Because the plaintiffs can state no cause of action against Nowlin, the Court finds that Nowlin has been improperly joined as a defendant.

Bob Nowlin now moves the Court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The standards for ruling on a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are the same.  See Bennett-Nelson v.

1

Louisiana Bd. of Regents, 431 F.3d 448, 450 n.2 (5th Cir. 2005). Judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remaining. Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998). The complaint may not be dismissed unless it appears certain that the plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. Id.

This Court has already determined that the plaintiffs stated no claim against Nowlin in their pleadings. The plaintiffs argue that they should be given leave to amend their complaint and cite a sliver of the Fifth Circuit's opinion in Great Plains Trust Co. v. Kornitzer Capital Management, Inc., 313 F.3d 305 (5th Cir. 2002) to support their position. But the Fifth Circuit does not mandate that plaintiffs be given the opportunity to amend their pleadings in the event that they are told they have failed to state a claim. Rather, in Great Plains Trust, after upholding the district court's dismissal of the lawsuit, the Fifth Circuit observed that at times plaintiffs in a similar position as the Jones' are given the opportunity to amend the complaint.

> If our decision upholding dismissal of this lawsuit at the pleading stage appears somewhat hard, we stress that the complaint could have been drafted to withstand dismissal had there been underlying facts to support the claims. Moreover, it is not unusual for plaintiffs who oppose a motion to dismiss to request leave to amend in the event the motion is granted. Although the denial of such a motion may not be an abuse of discretion, [citations omitted], our cases support the premise that "granting leave to amend is especially

>  appropriate ... when the trial court has dismissed the
>  complaint for failure to state a claim[,]" Griggs v.
>  Hinds Junior College, 563 F.2d 179, 180 (5th Cir. 1977).
>  In view of the consequences of dismissal on the complaint
>  alone, and the pull to decide cases on the merits rather
>  than on the sufficiency of the pleadings, district courts
>  often afford plaintiffs at least one opportunity to cure
>  pleading deficiencies before dismissing a case, unless it
>  is clear that the defects are incurable or the plaintiffs
>  advise the court that they are unwilling or unable to
>  amend in a manner that would avoid dismissal.

313 F.3d at 329.

In this case, the plaintiffs were placed on notice on January 2, 2007 that their complaint was deficient and failed to state a claim against Nowlin.  They did not request leave afterward to amend the pleadings.  Further, this Court is unconvinced that underlying facts exist that could cure the defects in the plaintiffs' complaint.

Accordingly, for the reasons stated in this Court's Order of January 2, 2007, denying the plaintiffs' motion to remand, this Court finds that the petition fails to state a claim against Nowlin under Louisiana law.  The motion for judgment on the pleadings is GRANTED.

New Orleans, Louisiana, March 9, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3